PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATIE DESAVIGNY, | ) | |
| | ) | CASE NO.  4:24-CV-01839 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| KIRK W. BAKER, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |
| | ) | [Resolving ECF Nos. 6 and 9] |

Pending before the Court is Plaintiff's Motion for Preliminary Injunction (ECF No. 6) and Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 9).  Defendant responded (ECF No. 10) to the Motion for Preliminary Injunction.  Plaintiff responded to Defendant's Motion to Dismiss (ECF No. 11) and Defendant replied (ECF No. 12).  The Court has been advised, having reviewed the record, the parties' briefs, the applicable law.  For reasons set forth below, the Court grants Defendant's Motion to Dismiss (ECF No. 9), and remands Plaintiff's Motion for Preliminary Injunction (ECF No. 6).

## I.      Background

B, Plaintiff's minor son, was a student in the Jackson Milton School District.  *See* Compl., ECF No. 1-3 at PageID #: 9, ¶ 2.  Jackson Milton School District had two relevant disciplinary policies, Jackson Milton Athletic Code of Conduct policy and Random Drug Testing policy.  ECF No. 1-3 at PageID ##: 9–10, ¶¶ 4–6.  As a student, B was found to have committed a First Offense under Athletic Code of Conduct policy.  ECF No. 1-3 at PageID #: 10, ¶ 7. Afterward, B tested positive under the Random Drug Testing policy and was disciplined as a

(4:24CV1839)

Second Offense under the Athletic Code of Conduct policy. ECF No. 1-3 at PageID #: 10, ¶ 8–9. This Second Offense disciplinary action denied him participation in all athletics for the entire school year. ECF No. 1-3 at PageID #: 10, ¶ 9.

Plaintiff sued on behalf of her minor son, B, in Mahoning County Court of Common Pleas. *See* Compl., ECF No. 1-3. Plaintiff raised two claims, one under § 1983 and one under breach of contract. *See* ECF Nos. 1-3, 1-4. Defendants removed the case to the Northern District of Ohio under 28 U.S.C. § 1331, federal question jurisdiction. *See* Notice of Removal, ECF No. 1.

## II.    Legal Standard

A.  Motion to Dismiss

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting FED. R. CIV. P. 8(a)(2)). Plaintiff need not include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. The Court "need not accept as

(4:24CV1839)

true a legal conclusion couched as a factual allegation or an unwarranted factual inference."

*Handy-Clay v. City of Memphis*, 695 F.3d 531, 539 (6th Cir. 2012) (citations and internal

quotation marks omitted).

    B.  <u>Right to Interscholastic Athletics</u>

      "The Fourteenth Amendment forbids the State to deprive any person of life, liberty, or

property without due process of law.  Protected interests in property are normally 'not created by

the Constitution.  Rather, they are created and their dimensions defined' by an independent

source such as state statutes or rules entitling the citizen to certain benefits."  *Goss v. Lopez*, 419

U.S. 565, 572–73 (1975) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)).  Under Ohio

Revised Code § 3313.48, "free education of the youth of school age" is a right.  O.R.C.

§ 3313.48.  The students have a "legitimate entitlement to a public education as a property

interest protected by the Due Process Clause."  *Goss*, 419 U.S. at 574.

      The same property interest does not exist for interscholastic athletics and extracurricular

activities.  The Sixth Circuit has found interscholastic athletics is not a liberty or property interest

subject to due process protection.  *See Brindisi v. Regano*, 20 F. App'x 508, 510 (6th Cir. 2001)

(citing *Poling v. Murphy*, 872 F.2d 757, 764 (6th Cir. 1989)).  The Ohio Court of Appeals also

found that participation in interscholastic athletics does not enjoy constitutionally protected

status.  *Menke v. Ohio High Sch. Athletic Ass'n*, 441 N.E.2d 620, 624 (Ohio App. 1981) (finding

that "participation in athletic competitions, standing by itself as one stick in a bundle, does not

rise to the level of separate property or liberty interest to which a non-resident is entitled and of

which he cannot be deprived without due process.").

3

(4:24CV1839)

### III.    Discussion

A. <u>Plaintiff fails to state a valid claim under § 1983.</u>

42 U.S.C. § 1983 "imposes liability for violations of rights protected by the Constitution." *Baker v. McCollan*, 443 U.S. 137, 146 (1979).  Plaintiff alleges a violation of rights due under the Fourteenth Amendment for deprivation of liberty and property interests without due process of law.  The deprivation alleged is that Plaintiff has been denied "participation in all athletics for the entire Calendar Year."  *See* Compl., ECF No. 1-3 at PageID #: 10, ¶¶ 9–10.  That said, participation in school athletics is not a liberty or property interest recognized by federal or Ohio law.  *See Poling*, 872 F.2d at 764; *Menke*, 441 N.E.2d at 624.  Because Plaintiff fails to allege a violation of a right protected by the Constitution, Plaintiff fails to state a valid claim under § 1983.  Plaintiff's claim under § 1983 fails as a matter of law and thus is dismissed with prejudice.

B. <u>The breach of contract claim is remanded.</u>

Remaining before the Court is Plaintiff's second claim for breach of contract.  *See* Compl., ECF No. 1-4.  The Court had subject matter jurisdiction over the breach of contract claim through 28 U.S.C. § 1367, supplemental jurisdiction.  The Supreme Court has found that when a court loses its federal question jurisdiction, the court loses its supplemental jurisdiction over state claims as well.  *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025) (interpreting the text of 28 U.S.C. § 1367).  Because the Court dismisses with prejudice the federal question claim before it, it loses subject matter jurisdiction over the breach of contract claim.  Thus, the matter is remanded to Mahoning County Court of Common Pleas for resolution of the breach of contract claim.

4

(4:24CV1839)

### IV.     Conclusion

Accordingly, Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (ECF No. 9) is granted as to Plaintiff's claim under § 1983 and dismissed with prejudice.  Plaintiff's breach of contract claim is remanded to Mahoning County Court of Common Pleas.  Plaintiff's pending Motion for Preliminary Injunction (ECF No. 6) is also remanded to Mahoning County Court of Common Pleas.


IT IS SO ORDERED.


February 28, 2025 _____                   /s/ Benita Y. Pearson
Date                                                          Benita Y. Pearson
                                                             United States District Judge

5